IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| RGN MANUFACTURING SERVICES, PLLC | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-cv-00234 |
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

### DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Atlantic Casualty Insurance Company ("ACIC") hereby removes the action styled and numbered *RGN Manufacturing Services, PLLC v. Atlantic Casualty Insurance Company*, Cause No. CV33366 pending in the 90th Judicial District Court of Stephens County, Texas to the United States District Court for the Northern District of Texas, Abilene Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   THE STATE COURT ACTION

1. On October 30, 2023, Plaintiff RGN Manufacturing Services, PLLC ("Plaintiff"), filed its Original Petition in the 90th Judicial District Court of Stephens County, Texas—Cause No. 55907 against ACIC. ACIC is the sole defendant in this action.[1]

### II.   DEFENDANT'S REMOVAL IS TIMELY

2. Plaintiff served the Texas Commissioner of Insurance on November 16, 2023. Accordingly, ACIC files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

---

[1]   *See* Plaintiff's Original Petition, § I, attached as **Exhibit C-1**.

**DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL - Page 1**

### III. VENUE IS PROPER

3. Venue is proper in the United States District Court for the Northern District of Texas, Abilene Division, under 28 U.S.C. §§ 124(a)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

### IV. BASIS FOR REMOVAL

4. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and ACIC, and the amount in controversy exceeds $75,000 excluding interest and costs.

5. Plaintiff RGN Manufacturing Services, PLLC is a professional limited liability company organized under the laws of the State of Texas.[2] The citizenship of a limited liability company is determined by the citizenship of each member of the entity.[3] According to information filed with the Texas Secretary of State, Plaintiff has two members: Kristi Leigh Williams and Kyle Lee Williams.[4] Based upon information and belief, Kristi Leigh Williams and Kyle Lee Williams are, and were at the time this lawsuit was filed, individuals who are domiciled and reside in the State of Texas and, therefore, are citizens of Texas for diversity jurisdiction purposes.[5] Plaintiff RGN Manufacturing Services, PLLC is thus a citizen of Texas for purposes of diversity jurisdiction.

6. ACIC was at the time this lawsuit was filed, and at the date of this Notice remains, a foreign corporation organized under the laws of North Carolina, with its principal place of

---

[2] *See* RGN Manufacturing Services, LLC Certificate of Formation, attached hereto as **Exhibit E.**

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *See also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[4] *See* RGN Manufacturing Services, LLC Certificate of Formation, attached hereto as **Exhibit E**.

[5] *Id.*

**DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL - Page 2**

business in Goldsboro, North Carolina. Thus, ACIC is a citizen of North Carolina for purposes of diversity jurisdiction.

7. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and ACIC.

## V.   AMOUNT IN CONTROVERSY

8. If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Defendant's burden is satisfied.[6]

9. When removal is premised upon diversity jurisdiction and the parties dispute whether the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[7]

10. "The district court must first examine the [petition] to determine whether it is 'facially apparent' that the claims exceed the [minimum jurisdictional requirement]. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[8]

11. Plaintiff seeks "monetary relief in excess of $1,000,000 or more, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs."[9]

12. Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

---

[6] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[7] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[8] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[9] *See* Plaintiff's Original Petition, ¶ 4, attached as **Exhibit C-1.**

## VI. COMPLIANCE

13. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of the 90$^h$ Judicial District Court of Stephens County, Texas.

14. All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

15. In compliance with Local Rule 81.1, the following documents are attached:

   A. An index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable)—identified as **Exhibit A**;

   B. A copy of the docket sheet in the state court action—identified as **Exhibit B**;

   C. Each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date)—identified as **Exhibits C-1 through C-4;**

   D. A separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e)—identified as **Exhibit D**; and

   E. RGN Manufacturing Services, LLC Certificate of Formation, attached hereto as **Exhibit E.**

## VII. CONCLUSION

WHEREFORE, Defendant Atlantic Casualty Insurance Company requests that this action be removed from the 90th Judicial District Court of Stephens County, Texas, to the United States District Court for the Northern District of Texas, Abilene Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ M. Paige Tackett*
M. Paige Tackett
Texas Bar No. 24083935
ptackett@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:	214-742-3000
Facsimile:	214-760-8994

and

By: */s/ Jason M. Chodos*
Jason M. Chodos
NDTX No. 025823 FL
jchodos@zellelaw.com

**ZELLE LLP**
110 E. Broward Blvd., Suite 2000
Fort Lauderdale, FL 33301
Telephone:	786-693-2350
Facsimile:	612-336-9100

**ATTORNEYS FOR DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    A true and correct copy of the forgoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on December 12, 2023 as follows:

James Winston Willis
Texas State Bar No. 24088654
jwillis@dalyblack.com
Richard D. Daly
Texas State Bar No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
**DALY & BLACK, P.C.**
2211 Norfolk St., Suite 800
Houston, TX 77098
Telephone:   713-655-1405
Facsimile:   713-655-1587
*Attorneys for Plaintiff*

                                                  */s/ M. Paige Tackett*
                                                    M. Paige Tackett